The STATE of Ohio, Appellant,

v.

COLQUITT, Appellee.

[Cite as *State v. Colquitt,* 188 Ohio App.3d 509, 2010-Ohio-2210.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 09CA3126.

Decided May 10, 2010.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Assistant Prosecuting Attorney, for appellant.

Lori J. Rankin, for appellee.

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment that suppressed certain statements made by Jason R. Colquitt, defendant below and appellee herein. The state of Ohio, defendant below and appellant herein, assigns the following error for review:

The trial court erred in granting the defendant-appellee's motion to suppress based upon a determination that the statements at issue were taken in violation of his rights under the Fifth and Sixth Amendments of the U.S. Constitution and Article I, § 10 of the Ohio Constitution.

{¶ 2} In July 2008, Sherry Wells of the Ohio State Highway Patrol was investigating drug flow into the Chillicothe Correctional Institute ("CCI"). That investigation led her to appellee. On July 23, 2008, Trooper Wells and Gary Clever, a CCI administrative employee, brought appellee to a room at CCI for an interview.

{¶ 3} Trooper Wells explained to appellee his Miranda rights, and, once they were explained, appellee signed a waiver form that included a statement that he

did not want an attorney at that time. Appellee nevertheless informed Trooper Wells that he would not speak to her without an attorney. Trooper Wells then left the room. Clever remained, however, and the events that followed form the focal point of this appeal.

{¶ 4} Clever did not testify in the trial court proceedings. Trooper Wells, however, claimed that Clever remained because appellee wanted to ask questions. The primary question appellee allegedly asked was whether multiple prison terms for the conveyance of drugs into CCI could be served concurrently. Clever sought out Trooper Wells to answer that question. When Trooper Wells returned, she told appellee that she could convey his request to the prosecutor but that she could not make any promises.

{¶ 5} Appellee had a different account of the events. According to appellee, after Trooper Wells left the room, Clever started the conversation and warned that he could "be in the hole at Lucasville for two years" and that the rest of his family could get into trouble as well. Clever also allegedly represented to appellee that other prisoners had provided incriminating statements against him. Appellee conceded that he asked about concurrent sentences, but when Clever fetched Trooper Wells, she returned and told him she would "talk to the prosecutor" about it and "that's when [he] made the statement."

{¶ 6} Subsequently, the Ross County Grand Jury returned an indictment charging appellee with two counts of complicity in the conveyance of illegal material into a detention facility. See R.C. 2923.03. Appellee filed a pro se motion that, although characterized as a motion to suppress, requested that any sentences be served concurrently as a matter of contract law. Later, defense counsel filed a motion to suppress and argued that the statements made to Trooper Wells were given without a knowing and voluntary waiver of Miranda rights.

{¶ 7} At the conclusion of the suppression hearing, the trial court suppressed appellee's statement. Apparently, the trial court was troubled that (1) Clever did not testify, (2) the only direct evidence of what occurred in the room was appellee's account, and (3) appellee's account established that Clever continued to interrogate appellee after he invoked his right to counsel. Also, the court was troubled that Trooper Wells distinguished her role as a "criminal investigator" from Clever's role as an "administrative investigator." The court, however, concluded that Clever was an agent of the state and should not have continued contact with appellee after his request for counsel. This appeal followed.

{¶ 8} Appellant asserts in its assignment of error that the trial court erred in granting appellee's motion to suppress. We disagree.

{¶ 9} Initially, our analysis begins with a recitation of the appropriate standard of review. Appellate review of a trial court decision on a motion to

suppress involves mixed questions of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Norman*, Ross App. Nos. 08CA3059 and 08CA3066, 2009-Ohio-5458, 2009 WL 3261258, at ¶ 24. In hearing and deciding such motions, trial courts assume the role of the trier of fact and are in the best position to resolve factual disputes and to evaluate witnesses credibility. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, at ¶ 50; *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. An appellate court will accept a trial court's factual findings if supported by competent and credible evidence. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶ 100; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268. However, appellate courts will review de novo a trial court's application of the law to those facts. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141; *State v. Angelo*, Summit App. No. 24751, 2009-Ohio-6966, 2009 WL 5174158, at ¶ 7.

{¶ 10} In the case sub judice, the issues in this case are factual, rather than legal. Thus, we defer to the trial court in its role as the trier of fact. As the trial court aptly noted, appellee provided the only evidence as to what occurred in the room after Trooper Wells's exit. The trial court found appellee's testimony credible, and we discern no error or mistake.[1]

{¶ 11} When appellee invoked his right to counsel, Trooper Wells and Clever should have stopped the interrogation. The trial court further found that appellee did not reinitiate the conversation with Clever and that Clever continued to interrogate appellee after Trooper Wells left the room.

{¶ 12} It is fundamental that once a suspect invokes his right to counsel, all interrogation must cease. *State v. Turvey* (1992), 84 Ohio App.3d 724, 732, 618 N.E.2d 214; *State v. Jobe*, Lucas App. No. L-07-1413, 2009-Ohio-4066, 2009 WL 2477944, at ¶ 67. Moreover, as the trial court correctly noted, Clever is an agent of the state (or alternatively, the agent of Trooper Wells) and should comply with the Miranda requirements. See R.C. 2901.01(a)(11)(b); *State v. Porter*, 178 Ohio App.3d 304, 2008-Ohio-4627, 897 N.E.2d 1149, at ¶ 16; *State v. Swinney* (Jul. 15, 1989), Pickaway App. No. 87CA41, 1989 WL 86260.[2] Thus, we agree with the trial court's conclusion to suppress appellee's statement.

---

1. By contrast, the trial court did not find credible appellee's testimony that Trooper Wells promised concurrent sentences and that his mother would not be pursued. A trier of fact is free to believe all, part, or none of the testimony of each witness. *State v. Nichols* (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. Thus, the trial court was free to find appellee credible on some issues, but not others.

2. We hasten to add there is no per se rule that *Miranda* applies during a prison investigation. It is only when a greater degree of restraint of freedom, as happened here when appellee was

{¶ 13} For these reasons, we find no error in the trial court's decision to sustain appellee's motion to suppress. Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

HARSHA and KLINE, JJ., concur.

brought to Trooper Wells's office in the prison, that those requirements attach. See *Porter* and *Swinney,* supra.