[Cite as *State v. Stallings*, 2012-Ohio-2925.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97480**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIS STALLINGS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-444002

**BEFORE:** Blackmon, A.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik, Esq.
Chief Public Defender

By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Willis Stallings appeals the trial court's denial of his motion to terminate postrelease control and assigns the following error for our review:

> **I. Because the original sentence did not impose post-release control, and has never been corrected, the trial court was required to discharge the defendant from post-release control supervision after he completed the service of his prison term and had been released.**

{¶2} Having reviewed the record and pertinent law, we reverse the trial court's decision, vacate Stallings's postrelease control, and remand for the trial court to note on its record that Stallings cannot be resentenced, thus is not subject to postrelease control. The apposite facts follow.

{¶3} On July 26, 2004, Stallings pleaded guilty to one count of receiving stolen property, breaking and entering, and two counts of vandalism. In addition, Stallings pleaded guilty to a single count of felonious assault of a peace officer. The trial court then imposed an agreed prison sentence of eight years.

{¶4} On July 6, 2009, Stallings filed a motion for a de novo resentencing. Stallings argued that the trial court had failed to advise him of the consequences for violating postrelease control. The state filed a concurring brief, but argued that the trial court should resentence Stallings to merely add postrelease control to the sentence.

{¶5} On September 7, 2011, after serving his sentence, Stallings filed a motion to terminate postrelease control. On September 29, 2011, the trial court denied the motion.

### Motion to Terminate Postrelease Control

{¶6} In the sole assigned error, Stallings argues the trial court erred when it denied his motion to terminate postrelease control.

{¶7} Postrelease control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment[.]" *Woods v. Telb*, 89 Ohio St.3d 504, 509, 2000-Ohio-171, 733 N.E.2d 1103, quoting R.C. 2967.01(N). The trial court must inform a defendant at his sentencing hearing that postrelease control is a part of his sentence. *Id.* at 513.

{¶8} R.C. 2929.19(B)(3)(e) provides that the court at sentencing must notify the offender that if a period of supervision is imposed upon his release and if the offender violates that supervision, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed on the offender. This notice must be repeated in the sentencing entry. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 11, 22. And, a mere reference to a statute is insufficient notice. *See, e.g.*, *State v. Jones*, 7th Dist. No. 06 MA 17, 2009-Ohio-794, ¶ 12.

{¶9} In the instant case, the record reveals that the trial court failed to provide the proper notice in the sentencing entry that postrelease control for a specific term would be part of his sentence. In the sentencing journal entry, the trial court stated "postrelease control is a part of this prison sentence for the maximum period allowed for the above felony under R.C. 2967.28." The state concedes this error. Thus, the remaining issue is the remedy that we can provide.

**{¶10}** It is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors and impose postrelease control at resentencing. *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Because Stallings has been released from his term of imprisonment, we cannot remand for application of the corrected sentencing procedures contained in R.C. 2929.191. The failure to notify Stallings properly was, in effect, the failure to properly impose postrelease control, which cannot now be remedied because he has been released.

**{¶11}** Accordingly, we sustain the sole assigned error and reverse the trial court's decision. Stallings's postrelease control is vacated, and this case is remanded for the trial court to note on its record that Stallings cannot be resentenced and thus is not subject to postrelease control.

**{¶12}** Judgment is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR