[Cite as *State v. Johnson*, 2012-Ohio-5879.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                                          :

      Plaintiff-Appellee,                        :    Case No.   11CA925, 11CA926 &
                                          11CA927

      vs.                                                :

JOHN JOHNSON,                                          :    <u>DECISION AND JUDGMENT ENTRY</u>


      Defendant-Appellant.                     :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:[1]   Timothy Young, Ohio Public Defender, and E. Kelly
Mihocik, Ohio Assistant Public Defender, 250 East Broad
Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:       C. David Kelley, Adams County Prosecuting Attorney, and
Kris D. Blanton, Adams County Assistant Prosecuting
Attorney, 110 West Main Street, Room 112, West Union,
Ohio 45693-1389

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-6-12
ABELE, P.J.

{¶ 1}   This is an appeal from an Adams County Common Pleas Court judgment of

conviction and sentence.   A jury found John Johnson, defendant below and appellant herein,

guilty of possessing a firearm while under a disability in violation of R.C. 2923.13.   Appellant

assigns the following errors for review:

          FIRST ASSIGNMENT OF ERROR:

---

[1]Different counsel represented appellant during the trial court proceedings.

"MR. JOHNSON WAS NOT RELEASED FROM PRISON OR
ON POSTRELEASE CONTROL IN THE FIVE YEARS PRIOR
TO HIS CONVICTION FOR HAVING A WEAPON WHILE
UNDER A DISABILITY.   THEREFORE, THE TRIAL COURT
COULD NOT IMPOSE A ONE-YEAR MANDATORY GUN
SPECIFICATION."

SECOND ASSIGNMENT OF ERROR:

"AT THE TIME OF HIS ARREST, THERE WAS NO
PROBABLE CAUSE OR REASONABLE SUSPICION TO
TAKE MR. JOHNSON INTO POLICE CUSTODY."

{¶ 2}   In 2009, appellant pled guilty to two counts of forgery in violation of R.C.

2913.31(A)(3).   The trial court sentenced appellant to, inter alia, serve three years of community

control. (Case No. 20090073.)   In a separate case from that same year, appellant pled guilty to

felonious assault in violation of R.C. 2903.11(A)(2).   The trial court sentenced appellant to, inter

alia, serve five years community control. (Case No. 20090083.)

{¶ 3}   On April 14, 2011, Adams County Sheriff's Deputy Mike Estep investigated the

theft report of a rifle.   The victim, appellant's half-brother, named appellant as a person of

interest.   Early the next day, Deputy Estep learned that appellant was observed walking on

"Poplar Ridge Road" with a firearm.   Deputy Estep, along with an off-duty Peebles police

officer, drove to that location in an unmarked car and observed appellant.   While appellant was

detained concerning the theft of the weapons, the stolen rifle was found ten feet from appellant's

position.   Appellant later admitted that he possessed the rifle, but denied that he had stolen it.[2]

{¶ 4}   The Adams County Grand Jury returned an indictment that charged appellant with

having a firearm while under a disability, along with a firearm specification.   Appellant pled not

guilty and proceeded to a trial.   The jury, after hearing the evidence, found appellant guilty on

_____

[2] Appellant claimed that someone else had stolen the rifle, that he had retrieved it and was returning it to his

both charges.   The trial court (1) revoked appellant's community control sanctions from the two earlier cases, and (2) sentenced appellant to serve a three year prison term for the charge in the current case, as well as a one year prison term on the firearm specification for a total of nine years in prison.

{¶ 5}   On October 12, 2011, appellant filed his Notice of Appeal (4th Dist. App. Case No. 11CA926).   He also filed Notices of Appeal regarding the revocation of community control in Case No. 20090073 (4th Dist. No. 11CA925), as well as Case No. 20090083 (4th Dist. No. 11CA927).   On December 13, 2011, this Court ordered that all three appeals be consolidated and the matters are now before us for review.

I

{¶ 6}   Appellant's first assignment of error involves the trial court's imposition of the mandatory one year sentence under the gun specification.   Former R.C. 2929.14(D)(1)(a)(iii) required the imposition of a one year mandatory jail sentence for anyone convicted of a felony while in the possession of a firearm.   The mandatory sentence did not apply, however, for a conviction for possessing a weapon while under a disability unless both of the following were satisfied:

> "(i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.
>
> (ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense." (Emphasis added.) Id. at (D)(1)(e).[3]

{¶ 7}   In the case sub judice, no question exists that the first criteria was satisfied.

---

half-brother.

[3] These provisions were renumbered, although not substantively changed, by Am.Sub.H.B. No. 86, 2011 Ohio Laws File 29, effective September 20, 2011.

Appellant's felonious assault conviction in Case No. 20090083 is a second degree felony. See R.C. 2903.11(D)(1)(a). The question, however, is about the second criteria. In other words, had less than five years elapsed since appellant had been released from prison or post-release control?

{¶ 8} Appellant spent no time in prison from Case No. 20090083, and we find no indication in the record that he was imprisoned for any other offense. Post-release control is defined as a period of supervision after release from imprisonment. R.C. 2967.01(N); also see *State v. Stallings*, 8th Dist. No. 97480, 2012-Ohio-2925, at ¶7. Absent imprisonment, there can be no post-release control. Thus, it appears that in the absence of the second criteria for the mandatory one year jail term, the trial court could not impose the mandatory term.

{¶ 9} The appellee does not contest what it characterizes as a "literal interpretation" of the statute. Instead, appellee argues that the issue is "not ripe" for review. We, however, disagree with this view. We believe that the trial court imposed a one year prison sentence for a gun specification when it could not do so, thus this appeal from that sentence is now ripe for review.

{¶ 10} Generally, a review of a sentence in a criminal case involves a two step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; see also *State v. Moman*, 4th Dist. No. 08CA876, 2009-Ohio-2510, at ¶6. First, a reviewing court will look to see whether the trial court complied with all applicable rules and statutes. *Kalish*, supra at ¶4. If the court did so, the reviewing court will then review the sentence under the abuse of discretion standard. Id.

{¶ 11} In the case sub judice, we believe that because the trial court sentenced appellant contrary to former R.C. 2929.14(D)(1)(e), the sentence does not comply with the first step in *Kalish*. According, based upon the foregoing reasons appellant's first assignment of error is

well taken and is hereby sustained.

II

{¶ 12} In his second assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress evidence.

{¶ 13} Our analysis begins with a recitation of the standard of review.   Generally, appellate review of a trial court decision on a motion to suppress involves mixed questions of law and fact. *State v. Colquitt*, 188 Ohio App.3d 509, 2010-Ohio-2210, 936 N.E.2d 76, at ¶9 (4th Dist.); *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1988). In hearing and deciding such motions, trial courts assume the role of the trier of fact and are in the best position to resolve any factual disputes and to evaluate witness credibility. *In re A.J.S.*, 120 Ohio St.3d 185, 2008- Ohio-5307, 897 N.E.2d 629, at ¶50; *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶8.   An appellate court will accept a trial court's factual findings if competent and credible evidence supports the finding.   *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶100; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.)   However, appellate courts will review de novo a trial court's application of the law to those facts. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist. 1993); *State v. Angelo*, 9th Dist. No. 24751, 2009-Ohio-6966, at ¶7.

{¶ 14} At the outset, we note that appellant's motion was somewhat vague.   The motion appears to argue that appellant's statement to authorities, in which he admitted that he possessed the firearm, was not knowingly and voluntarily given.   At the conclusion of the motion hearing, the trial court attempted to nail down the pertinent "issue" with the defense and counsel replied that this was a "standard motion to suppress and he would "just stand on my motion."[4]   The

---

[4] Counsel also suggested that he intended to argue that appellant's intoxication rendered his statement involuntary,

court overruled the motion.

{¶ 15} On appeal, appellant raises two arguments. First, appellant asserts that the trial court erred in overruling the motion because Deputy Estep's stop was based solely on an uncorroborated tip, and that such a tip cannot form the basis for a stop. That issue, however, was neither raised in the motion nor at the motion hearing. Appellate courts will not generally consider constitutional issues for the first time on appeal. *State v. Cottrill*, 4th Dist. No. 11CA3270, 2012-Ohio-1525, at ¶6; *State v. Stephens*, 4th Dist. No. 08CA776, 2009–Ohio–750, at ¶7; *State v. Clark*, 4th Dist. No. 07CA9, 2007–Ohio–6621, at ¶33. Thus, we must not speculate on this issue when it was not fully developed during the trial court proceedings.

{¶ 16} Appellant's second argument asserts, in essence, that trial counsel's failure to specifically raise that issue constitutes ineffective assistance of counsel.[5]

{¶ 17} Criminal defendants have a right to the effective assistance from counsel. *McMann v. Richardson* (1970), 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; *State v. Sowards*, 4th Dist. No. 09CA8, 2011-Ohio-1660, at ¶18. To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see *State v. Issa* (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904. To establish the existence of

---

but admitted that he had no such evidence to present.

[5] Appeals are to be decided on "the assignments of error," App.R. 12(A)(1)(b), not supporting written arguments. See *Myers v. Wild Wilderness Raceway, L.L.C.*, 181 Ohio App.3d 221, 2009-Ohio-874, 908 N.E.2d 950, at ¶18, fn. 6 (4th Dist.); *Reynoldsburg City School Dist. Bd. of Edn. v. Licking Hts. Local School Dist. Bd.*, 10th Dist. No. 11AP—173, 2011-Ohio-5063, at ¶17. Here, appellant should have raised this issue in a separate assignment of error rather than including it as a sub-argument in an unrelated assignment of error. Nevertheless, in the interests of justice we will consider the merits of the argument.

prejudice, a defendant must show that a reasonable probability exists that, but for counsel's alleged error, the result of the trial would have been different. *State v. White* (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.   It is important to note, however, that both prongs of the *Strickland* test need not be analyzed if the ineffective assistance claim can be resolved under one prong. See *State v. Madrigal* (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52.

{¶ 18}  Although appellant is correct that scant evidence was adduced in the trial court to show how the Sheriff's Department learned of appellant's location on Poplar Ridge Road, it is speculation to assume that had such evidence had been adduced, the outcome of the hearing would have been otherwise.   Any number of people could have observed appellant on the public roadway.     Furthermore, the gist of Deputy Estep's testimony is that he detained appellant for purposes of the robbery investigation.   Once again, the victim named appellant as a possible suspect.[6]   Deputy Estep also testified that he had "investigated a prior complaint" regarding appellant stealing from other "family members" and would, thus, have had reasonable suspicion that he might do so again.   Consequently, it appears that various sources and evidence, not some uncorroborated tip, provided Deputy Estep with sufficient reason to detain appellant.

{¶ 19}  Thus, even if counsel had raised and argued the claim during the trial court proceeding, we see no potential merit to this argument.   Trial counsel need not raise meritless arguments to fend off claims of constitutionally ineffective assistance. See e.g. *State v. Mitchell*, 2nd Dist. No. 24797, 2012-Ohio-3722, at ¶40; *State v. Rossbach*, 6th Dist. No. L-09-1300, 2011-Ohio-281, at ¶124.

---

[6] Appellant apparently lived with his half-brother at the time.    Authorities found no sign of forced entry when the items were stolen and this could support the assumption that someone with access to the residence committed the crime.

{¶ 20} For all of these reasons, we find no merit to appellant's second assignment of error and it is hereby overruled.

{¶ 21} Having sustained appellant's first assignment of error, the trial court's judgment is affirmed in part, and reversed in part.   The one year prison sentence imposed on the gun specification is hereby vacated, and the remainder of appellant's sentence is affirmed as modified.

JUDGMENT AFFIRMED IN PART,

AND REVERSED IN PART

CONSISTENT WITH THIS

OPINION.

Harsha, J., Concurring:

{¶ 22} I concur in judgment and opinion on the second assignment of error but concur in judgment only regarding the first assignment of error.   Because the appellant did not raise the objection at the sentencing hearing that he now raises on appeal, I would apply a plain error standard of review.   See *State v. Howard*, 2012-Ohio-4690, ¶¶ 19-20, 27, and *State v. Milliken*, 2009-Ohio-1019, ¶¶ 27-30.   Having done so, I agree with the principal opinion's judgment.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed, in part, and reversed, in part, with the one year prison sentence on the gun specification vacated.   Appellant to recover of appellee the costs

herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment & Opinion

Harsha, J.: Concurs in Judgment & Opinion as to Assignment of Error II and Concurs in Judgment Only with Opinion as to Assignment of Error I

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.