[Cite as *State v. Leffingwell*, 2013-Ohio-1421.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :        Case No.   12CA1

    vs.                                                  
                                                         :
JEFFERY A. LEFFINGWELL,                  :        DECISION AND JUDGMENT ENTRY

                                                         :
    Defendant-Appellant.                    
                                                         :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Brian A. Smith, 503 West Park Avenue, Barberton, Ohio
                                                      44203[1]

COUNSEL FOR APPELLEE:          J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                                                      and Jeffrey M. Smith, Lawrence County Assistant
                                                      Prosecuting Attorney , Lawrence County Courthouse, One
                                                      Veterans Square, Ironton, Ohio 45638

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-2-13
Abele, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment of

conviction and sentence.   A jury found Jeffery A. Leffingwell, defendant below and appellant

herein, guilty of burglary in violation of R.C. 2911.12(A)(1).   Appellant assigns the following

errors for review:

FIRST ASSIGNMENT OF ERROR:

---

[1] Different counsel represented appellant during the trial court proceedings.

"APPELLANT'S CONVICTION FOR BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE OBJECTIONS OF APPELLANT TO THE STATE'S QUESTIONING OF ITS WITNESS, CHELSA WATKINS, AS LEADING."

FOURTH ASSIGNMENT OF ERROR:

"APPELLANT'S SENTENCE WAS AN ABUSE OF DISCRETION."

FIFTH ASSIGNMENT OF ERROR:

"THE COURT ERRED WHEN IT FAILED TO IMPOSE POST-RELEASE CONTROL AS REQUIRED BY THE OHIO STATUTES."

{¶ 2} On May 7, 2011, Kevin McWhorter went fishing and returned home around 2:30 AM on May 8th. McWhorter watched television for about half an hour, then went to bed. When McWhorter awoke later that morning, he found that his home had been broken into and a number of items had been stolen including, inter alia, an X Box game console, several X-Box games, his wallet, a watch and a ring.

{¶ 3} Appellant, whose grandmother lives several houses away from the victim, celebrated his twenty-fifth (25th) birthday on the day of the robbery. His on-again/off-again girlfriend, Chelsa Watkins, characterized him that day as being particularly happy and, when asked why, said it was because he had some money. Appellant also sold to Watkins a ring,

watch and an X-Box game console along with several games.   Several days later, when Watkins

told appellant that she would rather be friends than engage in a dating relationship, appellant

telephoned her parents and told them that the X-Box console that she had purchased from

appellant had been stolen.   Chelsa's father then instructed his daughter to return the console to

appellant.   The game system, however, was never recovered in the subsequent investigation.

Authorities did recover the stolen ring (with the victim's name) and watch (that appellant had

sold to Chelsa for $25).   During the investigation that followed, appellant denied burglarizing

the home and claimed that he obtained the stolen items from an individual that he identified as

"Little D."

{¶ 4}   On August 29, 2011, the Lawrence County Grand Jury returned an indictment that

charged appellant with burglary.   Appellant pled not guilty and the matter proceeded to a jury

trial.   Chelsa Watkins, the State's primary witness, admitted at the outset that she was "not

happy" to be there.   Nevertheless, she described how appellant sold to her the stolen goods and

that appellant admitted that he had entered the victim's home when the victim was asleep.   A

recording of her statement further revealed that she was concerned that appellant might even

target her own family for theft offenses in the future.

{¶ 5}   After hearing the evidence, the jury returned a guilty verdict.   The next day, the

trial court sentenced appellant to serve a definite term of eight years in prison.   This appeal

followed.

I

{¶ 6}   We first consider, out of order, appellant's second assignment of error wherein he

argues that insufficient evidence supports his conviction.   We disagree with appellant.

{¶ 7}   Our analysis begins with the well-settled proposition that when reviewing for the sufficiency of evidence, appellate courts look to the adequacy of the evidence and whether such evidence, if believed by the trier of fact, supports a finding of guilt beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). In other words, after viewing the evidence, and each inference that can reasonably drawn therefrom in a light most favorable to the prosecution, could any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt? See *State v. Were*, 118 Ohio St.3d 448, 890 N.E.2d 263, 2008-Ohio-2762; at ¶132; *State v. Hancock*, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶34.

{¶ 8}   R.C. 2911.12(A)(1) prohibits the trespass in an occupied structure to commit a criminal offense when someone else is present.   Chelsa Watkins testified that appellant sold to her, inter alia, the ring and the watch that had been taken from the victim's home.   A statement Chelsea gave to the authorities indicated that appellant told her that he had entered the victim's home when someone was there sleeping.   This evidence, if believed, is sufficient to satisfy the statute's elements beyond a reasonable doubt.

{¶ 9}   Appellant counter-argues the State's evidence "was limited primarily to circumstantial evidence."   However, even if we accept appellant's argument, we note that in a criminal case no distinction is made between circumstantial evidence and direct evidence.   *State v. Blackshear*, 5th Dist. App. No. 2012–CA–84, 2013-Ohio-77, at ¶43; *State v. DiBiase*, 11th Dist. No. No. 2011–L–124, 2012-Ohio-6125; *State v. Moten*, 2nd Dist. No. 2011CA37, 2012-Ohio-6046, at ¶43.   In any event, whether the evidence adduced at trial was direct,

circumstantial, or a mixture of such evidence, we readily conclude that the evidence is sufficient to prove each element of the offense beyond a reasonable doubt.

{¶ 10} Accordingly, we hereby overrule appellant's second assignment of error.

II

{¶ 11} We now turn to appellant's first assignment of error wherein appellant asserts that his conviction is against the manifest weight of the evidence.   Once again, we disagree with appellant.

{¶ 12} Generally, a reviewing court will not reverse a criminal conviction on grounds that the conviction is against manifest weight of the evidence unless it is obvious that the jury clearly lost its way and created such a manifest miscarriage of justice that reversal of the judgment and a new trial are required. See e.g. *State v. Earle*, 120 Ohio App.3d 457, 473, 698 N.E.2d 440 (11th Dist. 1997); *State v. Garrow*, 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814 (4th Dist. 1995); *State v. Daniels*, 4th Dist. No. 11CA3423, 2011-Ohio-5603, at ¶22.   If substantial, competent, evidence is adduced at trial upon which a trier of fact could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt, the conviction is supported by the manifest weight of the evidence.   *State v. Johnson* (1991), 58 Ohio St.3d 40, 567 N.E.2d 266, citing *State v. Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304.*

{¶ 13} The gist of appellant's argument is that too many inconsistencies exist in Chelsa's testimony and in her statements   for her to be considered a credible witness.[2]   It is axiomatic

---

[2] We point out that several pages appear to be missing from the trial transcript.     Page 186 contains the cross-examination of Chelsa Watkins.     The next page, rather than being page 187, is page 212 and contains a colloquy

that the weight and credibility of evidence are issues the trier of fact must determine. See e.g. *State v. Frazier*, 115 Ohio St.3d 139, 873 N.E.2d 1263, 2007-Ohio-5048, at ¶106; *State v. Dye*, 82 Ohio St.3d 323, 329, 695 N.E.2d 763 (1998). The jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. *State v. Colquitt*, 188 Ohio App.3d 509, 2010-Ohio- 2210, 936 N.E.2d 76, at ¶10, fn. 1 (2nd Dist.); *State v. Nichols*, 85 Ohio App.3d 65, 76, 619 N.E.2d 80 (4th Dist. 1993). The rationale for deferring to the trier of fact on weight and credibility issues is that the jury is best positioned to view the witnesses and to observe their demeanor, gestures and voice inflections and to use those observations to weigh witness credibility. See *Myers v. Garson*, 66 Ohio St.3d 610, 615, 614 N.E.2d 742 (1993); *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 14} In the case sub judice, it is apparent that the jury, sitting as the trier of fact, found Watkins' testimony, and her statements to authorities, to be credible. We recognize that some inconsistencies exist with regard to Watkins' testimony and previous statements. Nevertheless, the jury, sitting as the trier of fact, had to opportunity to take those matters into consideration prior to reaching its verdict. We will not second-guess that determination on appeal.

{¶ 15} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

### III

{¶ 16} In his third assignment of error, appellant asserts that the trial court erred when it permitted the State to ask Chelsa "leading questions." Our review of the transcript shows that

---

between appellant and a detective. The index to the transcript shows that this is a "recording" of appellant. We presume this reference is to his taped statement to the authorities.

appellant objected several times to the manner in which Chelsa was questioned. The trial court, by our count, failed to rule on one objection, sustained two and overruled another. Appellant's arguments do not cite any particular leading question, but rather protest about the overall general leading nature of the State's questioning.

{¶ 17} Our analysis begins by noting that generally leading questions should not be used on the direct examination of a witness. Evid.R. 611(C). The decision to allow leading questions on direct examination, however, is in the sound discretion of the trial court. *State v. Drummond*, 111 Ohio St.3d 14, 854 N.E.2d 1038, 2006-Ohio-5084, ¶138. In addition, trial court judges enjoy broad discretion in the manner by which they conduct proceedings in their courtrooms. *State v. Malloy*, 2nd Dist. No. 11CA21, 2012-Ohio-2664, at ¶23; *State v. Messer*, 12th Dist. No. CA2004-03-020, 2005-Ohio-2501, at ¶14. Similarly, trial courts have discretion in the manner by which they allow the questioning of witnesses. See generally *In re Kister*, 194 Ohio App.3d 270, 2011-Ohio-2678, 955 N.E.2d 1029, at ¶¶48-49; *State v. Schandel*, 7th Dist. No. 07-CA-848, 2008- Ohio-6359, at ¶71. Thus, a court's decision on such matters will not be reversed absent an abuse of that discretion. Generally, an abuse of discretion means more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990). In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 18} Chelsa Watkins admitted at the outset of her testimony that she was "not happy"

to testify for the prosecution.   Her testimony established that she was, at the least, a continuing friend of the appellant, if not his on-again/off-again girlfriend.   Moreover, the majority of Chelsea's testimony was elicited through leading questions.   Appellant, however, did not object until well into her testimony and, even then, only after she had given statements that appellant (1) sold her the X Box, (2) told her parents that the X Box was stolen, (3) stated that appellant, by his admission, took the X Box from the home of a man that owed him money, and (4) also stated that appellant took a ring and a watch from the burglarized home.   All of this testimony was elicited before any objection was lodged.   Thus, we are not sure how appellant suffered prejudice by having the trial court overrule a subsequent objection.

{¶ 19}  Furthermore, even if we assume, arguendo, that the trial court erred by not ruling on one objection, or in overruling another objection, we believe such alleged errors constitute harmless error. See Crim.R. 52(A).   Our review reveals that the remainder of Chelsa's testimony, as well as her audio taped statements to investigators, incriminated appellant and provided details of the events.

{¶ 20}  Accordingly, based upon the foregoing reasons we hereby overrule appellant's third assignment of error.

IV

{¶ 21}  In his fourth assignment of error, appellant asserts that the trial court abused its discretion by sentencing him to serve eight years in prison.

{¶ 22}  Appellate review of criminal sentences typically involves a two step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Pearson*, 4th Dist. No. 10CA17, 2011-Ohio-5910, at ¶5.   First, an appellate court will determine whether the trial court

complied with all the applicable rules and statutes.   *Kalish*, supra, at ¶26; *State v. Marino*, 4th

Dist. No. 11CA36, 2013-Ohio-113, at ¶6.   If so, the appellate court will review the trial court's

decision for an abuse of discretion. *Kalish*, supra, at ¶26; *State v. Adams*, 4th Dist. No.

10CA3391, 2012-Ohio-255, at ¶4.

{¶ 23}  Appellant makes no argument under the first part of *Kalish,* but rather directs his

argument to the second step and argues that the trial court abused its discretion in meting out an

eight year term of imprisonment.

{¶ 24}  Our review of the record in the case at bar indicates that appellant has a prior

criminal background.   Moreover, the transcript of the December 21, 2011 sentencing hearing

reveals that appellant continued to deny that he was responsible for the burglary and a failed to

display "genuine remorse."   These are all factors that the trial court may consider for purposes of

gauging the likelihood of recidivism when considering what penalty to impose. R.C.

2929.12(D)(5).   The trial transcript also reveals that the victim testified how "odd" it felt

knowing that an intruder had been in his home and that he had to install a "security system" to

recover "peace of mind."   Audio recordings of Chelsa Watkins' statements to investigators

indicated (1) a fear appellant might "rob [her] dad or something," and (2) appellant tried to

convince her to change her version of events shortly before the trial.

{¶ 25}  The trial court did not expressly cite any of these factors as justification for its

decision to impose the sentence, but then again, neither is it required to do so.   Still, the court

may well have considered these factors when it determined the appropriate prison term to

impose.   In any event, having reviewed the record ourselves, we cannot conclude that the prison

sentence the trial court imposed is arbitrary, unreasonable or unconscionable.

{¶ 26} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's fourth assignment of error.

V

{¶ 27} In his fifth assignment of error, appellant asserts that the trial court erred when it imposed post-release control.   In particular, appellant contends that the trial court did not inform him at his sentencing hearing of the consequences should he violate post-release control.   The State offers no rebuttal to this argument and, after we reviewed the sentencing hearing transcript, we agree that the trial court erred in this respect.

{¶ 2}        Indeed, the transcript indicates that court held two separate hearings held on December 21, 2011.   No mention was made of post-release control during the first hearing.   A second hearing was apparently held shortly thereafter, wherein the court went on the record to inform appellant that he would be subject to post-release control once out of prison.   The transcript does not show, however, that the court informed him of what might happen should he violate that sanction.

{¶ 1}   R.C. 2929.19(B)(2)(e) mandates, inter alia, that when post-release control is imposed, the court must notify the defendant at the sentencing that, if such control is violated, " the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."   This notification is mandatory.   When the notification is not given, that portion of the sentence is void and the case must be remanded for a new sentencing hearing in order to comply with the statute. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶¶18-19, 23; also see *State v. Harris*, 4th Dist. No. 11CA15,

2012-Ohio-2185, at ¶¶7&9.

{¶ 2}  We parenthetically note that the sentencing entry does, in fact, provide notice of the consequences for violating post-release control.   But, as mentioned above, the warning must also be given at the sentencing hearing.   Accordingly, based upon the foregoing reasons we sustain appellant's fifth assignment of error.

{¶ 3}  Therefore, we hereby affirm the trial court's judgment of conviction, but reverse and remand for the limited purpose of correcting appellant's sentence.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART, AND THE
CASE REMANDED FOR
FURTHER PROCEEDINGS
CONSISTENT WITH THIS
OPINION.

<u>JUDGMENT ENTRY</u>

It is ordered the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings consistent with this opinion.   Appellant to recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.