[Cite as *State v. Laber*, 2013-Ohio-2681.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY


STATE OF OHIO,                                          :

    Plaintiff-Appellee,                            :          Case No.   12CA24

    vs.                                                        :

DAVID L. LABER,                                              DECISION AND JUDGMENT ENTRY

                                   :

    Defendant-Appellant.                            :

                                     :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:          Michael A. Davenport, 215 South Fourth Street, P.O. Box
                                                            725, Ironton, Ohio 45638

COUNSEL FOR APPELLEE:            J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                                                            and W. Mack Anderson, Lawrence County Assistant
                                                            Prosecuting Attorney, Lawrence County Courthouse, One
                                                            Veterans Square, Ironton, Ohio 45638

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-11-13
ABELE, J.

    **{¶ 1}**   This is an appeal from Lawrence County Common Pleas Court judgments of

conviction and sentence.   A jury found David L. Laber, defendant below and appellant herein,

guilty of making terrorist threats in violation of R.C. 2909.23(A)(1)(a)(2).

    **{¶ 2}**   Appellant assigns the following errors for review[1]:

---

[1] Appellant's brief does not contain a separate statement of the assignments of error.   See App.R. 16(A)(3).
Consequently, we take these assignments of error from the table of contents.

FIRST ASSIGNMENT OF ERROR:

"THE JURY'S VERDICT FINDING APPELLANT GUILTY OF VIOLATING R.C. § 2909.03 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT JUDGE ABUSED HIS DISCRETION BY TAKING INTO CONSIDERATION APPELLANT'S PRIOR RECORD AND IMPOSING A SENTENCE FOR THREE YEARS FOR VIOLATING R.C. §2909.23."

THIRD ASSIGNMENT OF ERROR:

"PROBABLE CAUSE DID NOT EXIST FOR APPELLANT'S WARRANTLESS ARREST, AND AS A RESULT, THE ARREST OF APPELLANT VIOLATED HIS FOURTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION."

**{¶ 3}** On August 1, 2012, appellant was employed at "Emerson Labored" in Ironton, Ohio.[2] While so employed, he engaged in a conversation with Linda Lawless and asked if she ever thought of shooting someone or bombing their place of employment. Lawless replied in the negative. Appellant continued that he thought of shooting two co-workers and that he had three bombs and "would start at the front office." Lawless contacted her superiors who, later that day, terminated appellant's employment and notified authorities.

**{¶ 4}** Three weeks later, the Lawrence County Grand Jury returned an indictment that charged appellant with making a terrorist threat. Appellant pled not guilty and the matter proceeded to a jury trial. At trial, Lawless testified concerning the comments and further related that she (1) took appellant's threats seriously, and (2) felt like appellant tried to intimidate her.

---

[2] The employer below was referred to, alternatively, as both "Labored" and "Emerson Labored." For the sake of simplicity, we use the shorter of the two names.

In addition, several other Labored employees testified as to the company's response to appellant's remarks.

{¶ 5}   After hearing the evidence, the jury returned a guilty verdict and the trial court imposed a three year prison sentence.   This appeal followed.

I

{¶ 6}   We first consider, out of order, appellant's third assignment of error.   Appellant asserts that insufficient probable cause existed for a warrantless arrest and, therefore, his arrest was improper.   We, however, need not, and do not, reach the merits of this assignment of error.

{¶ 7}   First, a warrantless arrest should be challenged in a motion to suppress.   See *State v. Whitt*, 2nd Dist. No. 2010 CA 3, 2010-Ohio-5291, at ¶40; *State v. Askew*, 5th Dist. No. 2004CA275, at ¶¶25-26.   We find no such motion after our review of this matter.   Second, the absence of a motion to suppress notwithstanding, it does not appear that appellant used any other method to raise this particular issue.   We must not consider constitutional issues for the first time on appeal.   *State v. Johnson*, 4th Dist. Nos. 11CA925, 11CA926 & 11CA927, 2012-Ohio-5879, at ¶15; *State v. Cotrill*, 4th Dist. 11CA3270, 2012-Ohio-1525, at ¶6.

{¶ 8}   For these reasons, we hereby overrule appellant's third assignment of error.

II

{¶ 9}   In his first assignment of error, appellant challenges the evidence adduced at trial. The actual assignment of error is couched in terms of his conviction being against the manifest weight of the evidence.   In his argument, however, appellant posits that insufficient evidence supports his conviction.   These arguments are not interchangeable.   Manifest weight and sufficiency arguments are, both quantitatively and qualitatively, different from one another.   See

*State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997) at paragraph two of the syllabus;

also see *State v. Hill*, 4th Dist. No. 09CA30, 2010-Ohio-2552, at ¶13.   Nevertheless, we conclude

that appellant's arguments fail under either standard of review.

{¶ 10} When appellate courts conduct a sufficiency of the evidence review, the court will

look to the adequacy of the evidence and determine whether such evidence, if believed by the

trier of fact, supports a finding of guilt beyond a reasonable doubt.   *Thompkins*, supra at 386;

*State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). In other words, after viewing the

evidence, and each inference reasonably drawn therefrom in a light most favorable to the

prosecution, could a rational trier of fact have found all the essential elements of the offense

beyond a reasonable doubt?   See *State v. Were*, 118 Ohio St.3d 448, 890 N.E.2d 263,

2008-Ohio-2762; at ¶132; *State v. Hancock*, 108 Ohio St.3d 57, 840 N.E.2d 1032,

2006-Ohio-160, at ¶34; *State v. Jones*, 90 Ohio St.3d 403, 417, 739 N.E.2d 300 (2000).

R.C. 2909.23 states, in pertinent part, as follows:

"(A) No person shall threaten to commit or threaten to cause to be committed a
specified offense when both of the following apply:

(1) The person makes the threat with purpose to do any of the following:

(a) Intimidate or coerce a civilian population;

\*                    \*                    \*

(2) As a result of the threat, the person causes a reasonable expectation or fear of
the imminent commission of the specified offense."

{¶ 11} Appellant first argues that he did not actually make a "threat" for purposes of this

statute.   Throughout Lawless's testimony she stated that appellant did not convey to her that he

was going to shoot someone or bomb their place of employment.   Rather, he speculated about

committing these acts.   Appellant posits that such comments do not rise to the level of a "threat" for purposes of R.C. 2909.23(A).   However, the statute states that "[i]t is not a defense . . . the defendant did not have the <u>intent</u> or capability to commit" the threatened offense." Id. at (B). (Emphasis added.)   In other words, whether the appellant actually intended to carry through on the remarks that he conveyed to Lawless is irrelevant.   The fact that he made those comments is sufficient for the trier of fact to conclude that they constitute threats.

{¶ 12}  Appellant next argues that no evidence was adduced at trial to show that the threat was made "to intimidate or coerce a civilian population."   Appellant points out that he communicated the threat to Lawless and no other person.   However, in *State v. Baughman*, 6th Dist. No. L–11–1045, 2012-Ohio-5327, the court concluded that letters that the defendant sent to an ex-girlfriend and mother of his children, wherein he threatened to kill "pigs" and "maggots," (language the ex-girlfriend explained that the defendant used to describe people involved in the judicial system) is sufficient for a reasonable trier of fact to conclude that the defendant intended to intimidate or to coerce a civilian population. Id. at ¶¶ 25-27.

{¶ 13}  In the case sub judice, appellant was even less removed from the targets of his threats than the defendant in *Baughman*.   In *Baughman*, the defendant was incarcerated when he threatened the judicial system.   Here, appellant conveyed threats to a fellow employee against his employer while at his place of employment.   These facts are sufficient for the trier of fact to conclude that appellant meant to intimidate the population at the workplace.   Moreover, as the *Baughman* court noted, it is not a defense to a R.C. 2909.23 violation that the threat was made to someone other than the subject of the offense. See id. at (B); *Baughman*, supra at ¶26.

{¶ 14}  Finally, appellant asserts that the evidence failed to establish that the threat

"caused a reasonable expectation or fear" of the imminent commission of the threatened act.

Again, we disagree.   During her testimony, Lawless was asked whether she took appellant's

"threats seriously."   She answered affirmatively.   Indeed, Lawless testified that "I did take him

very serious."   Nona Callahan, Human Resources Manager at Labored, also testified as follows:

> "Q.   Was management concerned about the um, eminent threat that was made?
>
> A.   Absolutely, absolutely.   As a matter of fact we made arrangements for extra security, we called law enforcement, we called our corporate security people.   We mobilized."

{¶ 15} Appellant cites Callahan's testimony to point out that his employer permitted him

to leave the plant after his shift as evidence that the company did not take him seriously.

Callahan, however, addressed that point and explained that (1) appellant's shift was over, and (2)

"[w]e were still in the process of deciding what to do."   Here, the trier of fact may have

concluded that it is not unreasonable for an employer to allow someone who threatened fellow

employees to leave the place of employment, rather than keep the employee on site with an

extended opportunity to carry out the threats.

{¶ 16} It is fundamental that evidence weight and credibility are issues that the trier of

fact must determine.   See e.g. *State v. Frazier*, 115 Ohio St.3d 139, 873 N.E.2d 1263,

2007-Ohio-5048, at ¶106; *State v. Dye*, 82 Ohio St.3d 323, 329, 695 N.E.2d 763 (1998); *State v.

Williams*, 73 Ohio St.3d 153, 165, 652 N.E.2d 721 (1995).   Here, the jury, sitting as the trier of

fact, could opt to believe all, part or none of the testimony of any witness. *State v. Colquitt*, 188

Ohio App.3d 509, 2010-Ohio- 2210, 936 N.E.2d 76, at ¶10, fn. 1 (2nd Dist.); *State v. Nichols*, 85

Ohio App.3d 65, 76, 619 N.E.2d 80 (4th Dist. 1993); *State v. Caldwell*, 79 Ohio App.3d 667, 679,

607 N.E.2d 1096 (4th Dist. 1992).   The underlying rationale for deferring to the trier of fact on

evidence weight and credibility issues is that the trier of fact is best positioned to view the witnesses, to observe their demeanor, gestures and voice inflections and to use those observations to weigh witness credibility.   See *Myers v. Garson*, 66 Ohio St.3d 610, 615, 614 N.E.2d 742 (1993); *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 17} In the case sub judice, it is apparent that the jury, sitting as the trier of fact, found the evidence, including the testimony of Lawless and Callahan, sufficient to show a reasonable expectation or fear that appellant may carry out his threat.   In light of the evidence adduced at trial to support that determination, we will not second-guess the jury.   For these reasons, we conclude that sufficient evidence supports appellant's conviction.

{¶ 18} We again note that although appellant's argument is largely a challenge to the sufficiency of evidence, his assignment of error also includes a manifest weight of the evidence argument.   Insofar as a manifest weight challenge is concerned, a reviewing court will not reverse a conviction on grounds that the conviction is against manifest weight of the evidence unless it is obvious that the jury lost its way and created such a manifest miscarriage of justice that a reversal of the judgment and a new trial are required. See *State v. Earle*, 120 Ohio App.3d 457, 473, 698 N.E.2d 440 (11th Dist.1997); *State v. Garrow*, 103 Ohio App.3d 368, 370–371, 659 N.E.2d 814 (4th Dist.1995); *State v. Daniels*, 4th Dist. No. 11CA3423, 2011–Ohio–5603, at ¶22.   Here, we are not persuaded that the judgment is against the manifest weight of the evidence.   First, appellant offered no evidence in his own defense.   Second, ample competent, credible evidence adduced at trial supports the jury's conclusion.   Accordingly, we cannot conclude that the evidence for an acquittal outweighs the evidence that supports a conviction.

{¶ 19} For all of these reasons, we find no merit to appellant's first assignment of error and it is hereby overruled.

III

{¶ 20} In his second assignment of error, appellant argues that the trial court erred by (1) taking his prior criminal record of misdemeanor violations into account for purposes of sentencing, and (2) imposing a three year term of imprisonment.

{¶ 21} Generally, appellate review of a criminal sentence involves a two step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124; *State v. Leffingwell*, 4th Dist. No. 12CA1, 2013-Ohio-1421, at ¶22. First, an appellate court must determine whether a trial court complied with all applicable rules and statutes. *Kalish*, supra at ¶26; also see *State v. Marino*, 4th Dist. No. 11CA36, 2013–Ohio–113, at ¶6 *State v. Pearson*, 4th Dist. No. 10CA17, 2011–Ohio–5910, at ¶5. If so, the appellate court will review the trial court decision for an abuse of discretion. *Kalish*, supra, at ¶26; *State v. Adams*, 4th Dist. No. 10CA3391, 2012–Ohio–255, at ¶4.

{¶ 22} In the case at bar, appellant does not argue that the trial court violated any applicable statute. Instead, he argues that the trial court erred by considering his prior misdemeanor offenses. Appellant, however, cites no authority, as App.R. 16(A)(7) requires, to support his argument that prior misdemeanor violations should not be taken into account for sentencing purposes. To the contrary, we find considerable authority for the proposition that a court's consideration of prior convictions (of any degree) is highly relevant when determining an appropriate sentence. See e.g. *State v. Connin*, 6th Dist. No. L–11–1312, 2012-Ohio-4989, at ¶34; *State v. Pettit*, 5th Dist. No. 11CA0108, 2012-Ohio-3057, at ¶41.

**{¶ 23}** We now turn to the question of whether the trial court's sentence constitutes an abuse of discretion.   A person convicted of making a terrorist threat under R.C. 2909.23 is guilty of a third degree felony. Id. at (C).   Appellant's three year sentence fell within the sentence range of nine to thirty-six months. R.C. 2929.14 (A)(3)(b).   Thus, we will review the sentence under the abuse of discretion standard.   Generally, an "abuse of discretion" is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. *State    v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).   Additionally, when reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

**{¶ 24}** In the case sub judice, the testimony adduced at trial reveals that appellant's threats caused panic amongst his fellow employees (Lawless), as well as others who worked for his employer (Callahan).   We cannot conclude that such panic should have been discounted, just as we cannot conclude the trial court should have disregarded it when it imposed sentence.   In the end, we find nothing arbitrary, unreasonable or unconscionable in the imposition of a three year sentence for the events that transpired and we hereby overrule appellant's third assignment of error.

**{¶ 25}** Having considered all of the errors argued and assigned, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered the judgment be affirmed and appellant to recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.