[Cite as *State v. Cottrill*, 2012-Ohio-1525.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                             :

    Plaintiff-Appellee,                    :      Case No.   11CA3270

    vs.                                           :

SETH T. COTTRILL,                         :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.               :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Pamela C. Wells, 55 East Second Street, P.O. Box 97,
Chillicothe, Ohio 45601[1]

_____

CRIMINAL APPEAL FROM COMMON PLEAS
DATE JOURNALIZED: 3-29-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of

conviction and sentence entered after a no-contest plea.   The court found Seth T. Cottrill,

defendant below and appellant herein, guilty of felonious assault in violation of R.C. 2903.11.

Appellant's counsel has advised the court that she has reviewed the record and can discern mo

meritorious claim for appeal.   Thus, under Anders v. California (1967), 386 U.S. 738, 87 S.Ct.

1396, 18 L.Ed.2d 493, counsel requests, and we hereby grant, leave to withdraw.   Appellate

---

[1]   The appellee did not enter an appearance in these proceedings.

counsel suggests, however, that the following "arguable assignment of error" may warrant

review:

> "THE TRIAL COURT ERRED BY FAILING TO DISCHARGE
> THE APPELLANT, VIOLATING HIS RIGHT TO SPEEDY
> TRIAL AS GUARANTEED BY THE SIXTH AMENDMENT OF
> THE UNITED STATES CONSTITUTION, ARTICLE I,
> SECTION 10 OF THE OHIO CONSTITUTION, AND
> STATUTE."

{¶ 2}   On September 24, 2010, the Ross County Grand Jury returned an indictment that

charged appellant with the aforementioned offense.   Initially, he pled not guilty to the charge.

On June 28, 2011, appellant filed a pro se motion for discharge based on a statutory speedy trial

violation.

{¶ 3}   Subsequently, the trial court overruled his motion.   Appellant thereupon entered a

"no contest" plea that the trial court accepted.   The court sentenced appellant to serve four years

in prison.   This appeal followed.

{¶ 4}   In his assignment of error, appellant asserts that he was denied his speedy trial

rights under both the United States and Ohio Constitutions.   We disagree.

{¶ 5}   At the outset, we note that constitutional speedy trial rights are slightly different

from statutory speedy trial rights. See State v. O'Brien (1987), 34 Ohio St.3d 7, 9, 516 N.E.2d

218, ("constitutional guarantees may be found to be broader than speedy trial statutes in some

circumstances"); State v. Sedlak, Portage App. No. 2010–P–0036, 2011-Ohio-870, at ¶32 (Trapp,

J., concurring) (there may be a constitutional speedy trial violation even if no statutory violation

occurred).

{¶ 6}   Here, appellant's pro se motion raised statutory speedy trial grounds.   Because

this Court may not consider any constitutional arguments raised for the first time on appeal, State v. Stephens, Pike App. No. 08CA776, 2009–Ohio–750, at ¶7; State v. Clark, Athens App. No. 07CA9, 2007–Ohio–6621, at ¶33, we confine our analysis herein to the speedy trial statute.[2]

{¶ 7}   A person against whom a felony charge is pending must be brought to trial within two hundred and seventy days of arrest. R.C. 2945.71(C)(2).   If an accused is held in jail during that time, each day incarcerated is counted as three days for the purposes of the speedy trial deadline. Id. at(E).   A variety of exceptions exist to these rules, but we need not concern ourselves with them in the case sub judice.

{¶ 8}   As the trial court correctly noted, appellant and his counsel executed a written "Time Waiver" that stated "[n]ow comes Defendant and hereby waives the statutory speedy trial provisions of Ohio Revised Code Sections 2945.71 et seq."   Appellant made no argument in his pro se motion that he had signed the waiver unknowingly, nor does counsel make any such argument on appeal.   Our review of the record also reveals no reason why the motion should not be considered a waiver of speedy trial rights under Ohio law.   A criminal defendant waiving his or her right to a speedy trial is a common occurrence, and is used to accomplish a variety of goals.

{¶ 9}   Therefore, in view of the fact that appellant executed the waiver, along with his trial counsel, and in view of the fact   that he apparently had the ability to file a pro se pleading, appellant could have have easily sought a revocation of his waiver or demanded an immediate trial.   Furthermore, to the extent that appellant's motion could be interpreted as a revocation, we

---

[2] We hasten to add, however, that we would have nevertheless reached the same result on a constitutional speedy trial argument.

note that appellant pled no contest approximately one month later.   Thus, we find no merit to this arguable assignment of error.

{¶ 10} Having reviewed the record for potential errors, as well as appellate counsel's suggested potential errors, and having found no meritorious argument on appeal, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY: _____

Peter B. Abele
Presiding Judge


## **NOTICE TO COUNSEL**


Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.