[Cite as *State v. West*, 2014-Ohio-1941.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :   Case No.  12CA3507

    vs.                                 :

JOHN H. WEST, JR.,                      :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Christopher T. Travis, 5789 Hayden Court, Stevensville, Michigan 49127[1]

COUNSEL FOR APPELLEE:    Mark Kuhn, Scioto County Prosecuting Attorney, and Julie Hutchinson, Scioto County Assistant Prosecuting Attorney, 602 Seventh Street, Portsmouth, Ohio 45662

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-1-14
ABELE, P.J.

---

[1] Different counsel represented appellant during the trial court proceedings.

{¶ 1}  This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence.   A jury found John H. West, Jr., defendant below and appellant herein, guilty of (1) three counts of drug trafficking in violation of R.C. 2925.03; (2) two counts of drug possession in violation of R.C. 2925.11; and (3) possession of criminal tools in violation of R.C. 2923.24.   Appellant assigns the following errors for review[2]:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED TO THE PREJUDICE OF
> APPELLANT/DEFENDANT BY ENTERING A GUILTY
> FINDING UPON A VERDICT THAT WAS AGAINST THE
> MANIFEST WEIGHT OF THE EVIDENCE."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "APPELLANT WAS DEPRIVED OF HIS RIGHT TO
> EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED
> PURSUANT TO THE 14TH AND 6TH AMENDMENTS TO THE
> U.S. CONSTITUTION."
>
> THIRD ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED TO THE PREJUDICE OF
> APPELLANT/DEFENDANT BY ENTERING A GUILTY FINDING
> UPON A VERDICT THAT WAS AGAINST THE MANIFEST WEIGHT
> OF THE EVIDENCE."

{¶ 2}  Scioto County authorities have actively investigated the delivery of drugs from Michigan to Portsmouth and during that investigation, became aware of the activities of appellant and his then girlfriend, Shelby Nelson.   For a number of months, both appellant and Nelson transported drugs from Franklin County to Scioto County.[3]   Apparently, appellant and Nelson

---

[2]  Appellant's brief does not contain a separate statement of the assignments of error.    See App.R. 16(A)(3).    Thus, we have taken these assignments of error from the brief's table of contents.

[3]  Nelson testified that nearly every day for several months, she and appellant traveled from Columbus to Portsmouth

supplied drugs for local sale from Brandi Woods' Portsmouth apartment.

{¶ 3}   Portsmouth Police involved with the Southern Ohio Drug Task Force eventually arranged for three controlled purchases from Brandi Woods.   Later, police obtained a search warrant for Woods' apartment and during the warrant's execution, encountered several individuals, including appellant.   Authorities also found drugs in the apartment, a jeep parked nearby that appellant and Nelson used to travel to Columbus,[4] and over $2,000 cash in the pockets of a pair of appellant's shorts.

{¶ 4}   The Scioto County Grand Jury returned an indictment that charged appellant with the aforementioned offenses.   At the jury trial, Shelby Nelson confirmed that, several times a week in 2011,   she and appellant had been "running" cocaine (that they "cooked" into crack) and other drugs from Columbus to Portsmouth.   Usually, they would obtain one and one half to two ounces of cocaine per unit.

{¶ 5}   Brandi Woods appears to have provided the most incriminating evidence against appellant.   Woods explained that appellant used her apartment as a base to traffic drugs in Portsmouth.   Woods further related that (1) the drugs that she sold in the three controlled buys to a police informant all came from appellant, and (2) the other person present at her apartment during the search warrant's execution, Breon Kelly, is also a "runner" for appellant who sells drugs in Portsmouth.

{¶ 6}   Appellant testified in his own behalf.   Although appellant admitted that he was

---

to bring drugs to sell in Portsmouth.

[4] Nelson's mother, who resides in Columbus, is the jeep's registered owner.

present at Woods' apartment during the search warrant's execution, he denied any involvement in drug trafficking.

{¶ 7}   After hearing the evidence adduced at trial, the jury returned guilty verdicts on all six counts.   After merging three counts into the other counts, the trial court imposed a ten year prison sentence for the first trafficking charge (count one), twelve months for the second trafficking charge (count three) and twelve months for the possession of criminal tools.   The court additionally ordered that the sentences be served consecutively, for an aggregate twelve year sentence.   This appeal followed.[5]

I

{¶ 8}   In his first assignment of error, appellant appears to assert that his conviction is against the manifest weight of the evidence.   However, the argument portion of the brief argues that the trial court's failure to give a particular jury instruction constitutes plain error.   Then, on September 9, 2013, appellant filed a "Notice of Supplemental Authority" that appears to support the manifest weight argument.

{¶ 9}   When considering manifest weight of the evidence claims, appellate courts generally will not reverse a conviction unless, after reviewing of the entire record, weighing the evidence and all reasonable inferences, considering witness credibility, and concluding, in resolving the conflicts in the evidence, that the jury lost its way and created such a manifest

---

[5]   The final judgment in this case is the August 3, 2012 entry.    A notice of appeal must be filed within thirty days of that entry.    App.R. 4(A).    For purposes of this case, that would have been Monday, September 3, 2012.    Appellant, however, filed his notice of appeal on September 4, 2012.    Although this appears, at first glance, to be one day out of rule, September 3rd was a state holiday (Labor Day) that extended the deadline to September 4. App.R. 14(A).    Thus, appellant timely filed his notice of appeal.

miscarriage of justice that a reversal of the judgment and a new trial are required.   See e.g. *State v. Earle*, 120 Ohio App.3d 457, 473, 698 N.E.2d 440 (11th Dist.1997); *State v. Garrow*, 103 Ohio App.3d 368, 370–371, 659 N.E.2d 814 (4th Dist.1995).

{¶ 10} In the case sub judice, after our review of the record we are not persuaded that appellant's convictions are against the manifest weight of the evidence.   The evidence seized during the search warrant's execution, as well as the testimony of Nelson and Woods, persuade us that the jury did not lose its way and create a manifest miscarriage of justice.   Rather, we believe that ample competent, credible evidence supports the jury's conclusion.

{¶ 11} Once again, with regard to appellant's first assignment of error, we point out that appellant's brief did not include a manifest weight of the evidence argument.   However, his "Notice of Supplemental Authority" argues that his conviction under "R.C. 2925.03(A)(1)/ (C)(4)(F) (presumably referring to the count one trafficking charge) is against the manifest weight of the evidence because the only evidence of the weight of the drug is "1.4 grams," which is less than the twenty-seven gram minimum needed for a conviction under the statute.[6]   We believe, however,   that two problems exist with this argument.   First, rather than challenge the manifest weight of the evidence, appellant appears to challenge the sufficiency of the evidence. Manifest weight and sufficiency of evidence arguments are quantitatively and qualitatively different from one another.   *See State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997) at paragraph two of the syllabus for a detailed discussion of this topic; also see *State v. Hill*, 4th Dist. Highland No. 09CA30, 2010–Ohio–2552, at ¶13.   Furthermore, the "additional authority"

---

[6] If the drug involved is cocaine, or a mixture of cocaine, and the amount exceeds twenty-seven grams but is less than one hundred grams, the trafficking offense is a first degree felony. R.C. 2925.03(C)(4)(f).

that appellant cites in his "Notice," *State v. Siggers*, 9th Dist. Medina No. 09CA0028-M,

2010-Ohio-1353, is a sufficiency of the evidence case and, thus, does not support the manifest

weight of the evidence argument. See id. at ¶9.

{¶ 12} The second problem is appellant's selective recall of the evidence adduced at trial.

Our review of the evidence reveals that authorities recovered $2,142 from what Brandi Woods

identified as the appellant's shorts.   Portsmouth Police Officer Joshua Justice testified that

one-half (½) gram of crack cocaine could be purchased for $50.   At $50 per half gram, the

$2,142 found in appellant's shorts indicates that appellant, or his "runners," sold approximately

42.84 grams of crack.   Moreover, the witnesses provided testimony at trial concerning the actual

volume of drugs transported from Columbus to Portsmouth on the dates in question, including

the methods and process that appellant used to transport the drugs and the sales that resulted from

their efforts.   Also noteworthy is the evidence found in the apartment, including numerous torn,

empty plastic baggies that were used to transport concaine.   See generally, *State v. Owen* (Feb.

19, 1999), Miami App. No. 98CA17.   This evidence is sufficient to satisfy statutory

requirements of count one of the indictment.[7]

{¶ 13} As for the first assignment of error set forth in appellant's original brief, appellant

contends that the trial court should have given the jury the R.C. 2923.03 instruction:

> "(D) If an alleged accomplice of the defendant testifies against the defendant in a
> case in which the defendant is charged with complicity in the commission of or an
> attempt to commit an offense, an attempt to commit an offense, or an offense, the
> court, when it charges the jury, shall state substantially the following:
> "The testimony of an accomplice does not become inadmissible because of his

---

[7] We reach this conclusion without considering the cash and drugs found on Breon Kelley, also reputed to be appellant's drug "runner."

complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."

{¶ 14} Appellant concedes that trial counsel did not request this particular instruction. Therefore, the issue is whether the failure to give the instruction amounts to plain error. We conclude that it does not.[8]

{¶ 15} The Ohio Supreme Court has recognized the discretionary aspect of Crim.R. 52(B) and has cautioned courts to take notice of plain error with utmost caution, under the most exceptional of circumstances and only to prevent a manifest miscarriage of justice. *State v. Steele*, ___ Ohio St.3d ___, 2013-Ohio-2470, ___ N.E.2d ___, at ¶30; *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Plain error exists when the outcome of the case would have been otherwise. *State v. Merryman*, 4th Dist. Athens No. 12CA28, 2013-Ohio-4810, at ¶49; *State v. Young*, 4th Dist. Washington No. 12CA14, 2013-Ohio-3418, at ¶17.

{¶ 16} In the case at bar, the accomplice instruction issue involves the testimony of Shelby Nelson and Brandi Woods. Shelby Nelson testified that when she told appellant that she no longer wanted to be involved in drug activity, he, in order to keep her involved, perpetrated acts of domestic violence against her. The gist of Brandi Woods' testimony is that appellant

---

[8] By accomplices, appellant means his former girlfriend, Shelby Nelson, and Brandi Woods who both testified about their involvement in appellant's enterprise. We accept, for purposes of our analysis, that a drug "runner" is an accomplice for the dealer. See *State v. Goodson*, 192 Ohio App.3d 246, 2011-Ohio- 722, 948 N.E.2d 988, at ¶32.

took advantage of her drug addiction and supplied drugs in exchange for the use of her apartment to conduct his criminal enterprise.   As the State correctly notes, we have held that Crim.R. 52(B) plain error will be recognized in cases when an accomplice instruction is not given if "the accomplice testimony is both uncorroborated and either incredible or unreliable." *State v. Johnson*, 4th Dist. Vinton No. 06CA650, 2007-Ohio-2176, at ¶37; also see *State v. Doles*, 4th Dist. Ross No. 1660, 1991 WL 179582 (Sep. 16, 1991).   Here, we believe that neither requirement has been satisfied.   First, the drugs found in the apartment support the claim that appellant used Nelson, Woods and Breon Kelly as "runners" to sell drugs.   Also, authorities located the jeep and the large sum of cash in appellant's shorts.   Additionally, the jury was made aware of the fact that Nelson and Woods had both been charged criminally as a result of these incidents.   Apparently, the jury did not find their testimony incredible or unreliable, and our review of the transcript supports this view.   While it may be possible that the jury could have chosen to discount the testimony of Woods and Nelson if they had been given the R.C. 2923.03(D) instruction, we cannot conclude, after our review of the evidence, that the trial's outcome would have been otherwise.

{¶ 17} Accordingly, based upon the foregoing reasons, we find no merit to appellant's first assignment of error and it is hereby overruled.

II

{¶ 18} In his second assignment of error, appellant asserts that he received constitutionally ineffective assistance from his trial counsel because counsel did not seek a R.C. 2923.03(D) jury instruction.

{¶ 19} Criminal defendants have a right to counsel that includes a right to effective

assistance from counsel. *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *State v. Houston*, 4th Dist. Scioto No. 12CA3472, 2013-Ohio-686, at ¶39. To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006 Ohio–2815, 848 N.E.2d 810, ¶95.

**{¶ 20}** In light of our review of the record and our resolution of appellant's first assignment of error, we cannot conclude that the trial's outcome would have been otherwise had trial counsel requested the R.C. 2923.03(D) instruction. Appellant's argument would require us to conclude that the jury would have rejected the testimony of both Nelson and Woods, and then found appellant's testimony credible despite all of the evidence elicited on cross-examination. We cannot reach that conclusion for the same reasons we could not do so when we analyzed his first assignment of error.

**{¶ 21}** Accordingly, for these reasons we find no merit to appellant's second assignment of error and it is hereby overruled.

III

**{¶ 22}** In his third assignment of error, appellant appears to argue that his convictions (on

all counts) are against the manifest weight of the evidence.   In particular, appellant contends that the testimony of Shelby Nelson and Brandi Woods is not credible.

**{¶ 23}** Generally, the weight and credibility of evidence are issues that the trier of fact must determine.   See e.g. *State v. Frazier*, 115 Ohio St.3d 139, 873 N.E.2d 1263, 2007-Ohio-5048, at ¶106; *State v. Dye*, 82 Ohio St.3d 323, 329, 695 N.E.2d 763 (1998).   A jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it.   *State v. Colquitt*, 188 Ohio App.3d 509, 2010-Ohio- 2210, 936 N.E.2d 76, at ¶10, fn. 1 (2nd Dist.); *State v. Nichols*, 85 Ohio App.3d 65, 76, 619 N.E.2d 80 (4th Dist. 1993); *State v. Caldwell*, 79 Ohio App.3d 667, 679, 607 N.E.2d 1096 (4th Dist. 1992).   The underlying rationale for deferring to the trier of fact on issues of evidence weight and credibility is that the trier of fact is best positioned to view the witnesses, to observe their demeanor, gestures and voice inflections and to use those observations to weigh witness credibility.   See *Myers v. Garson*, 66 Ohio St.3d 610, 615, 614 N.E.2d 742 (1993); *Seasons Coal Co. v.. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

**{¶ 24}** In the case sub juice, the jury, after hearing and observing the witnesses, apparently found the testimony of Nelson and Woods more credible, and discounted appellant's testimony.   We cannot conclude, after our review of the evidence, that the trier of fact lost its way, or created such a manifest miscarriage of justice that we must reverse appellant's convictions.   Once again, our review of the record reveals ample competent, credible evidence to support the jury's conclusion.   Appellant's shorts contained a large amount of cash.   A cell phone that appellant used contained numerous text messages related to drug activity.   Breon Kelly testified that the day before the search of the apartment, appellant brought one and one-half

ounces of cocaine from Columbus.

{¶ 25}  Thus, based upon the foregoing reasons, we hereby overrule appellant's third assignment of error.

{¶ 26}  After our review of all errors appellant assigned and argued, we hereby affirm he trial court's judgment.

JUDGMENT AFFIRMED

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.