[Cite as *State v. Seymour*, 2018-Ohio-1404.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :
                                        :       Case No. 17CA3601
        Plaintiff-Appellee,             :
                                        :
        vs.                             :       DECISION AND JUDGMENT
                                        :       ENTRY
LEE E. SEYMOUR,                         :
                                        :
        Defendant-Appellant.            :       **Released: 04/04/18**
_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Katherine Ross-Kinzie,
Assistant Ohio State Public Defender, Columbus, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C.
Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for
Appellee.
_____

McFarland, J.

        {¶1} Lee E. Seymour appeals his conviction for failure to comply with

an order or signal of a police officer, after he was found guilty by a jury.  On

appeal, Appellant contends that 1) his conviction for failure to comply was

against the manifest weight of the evidence; and 2) the trial court assessed,

and the Clerk of Courts collected, unauthorized court costs.  However,

because we conclude that Appellant's conviction was not against the

manifest weight of the evidence, his first assignment of error is overruled.

Further, because Appellant has not provided this Court with the portion of the record necessary to review his argument regarding the trial court and clerk's assessment and collection of unauthorized courts costs, his second assignment of error is also overruled. Accordingly, the decision and judgment of the trial court is affirmed. Having found no merit in either of the assignments of error raised by Appellant, the judgment of the trial court is affirmed.

## FACTS

{¶2} Appellant was indicted on January 27, 2017 on one count of failure to comply with an order or signal of a police officer, a third degree felony in violation of R.C. 2921.331. The indictment further specified that in the commission of the offense, Appellant "caused a substantial risk of serious physical harm to persons or property * * *." The filing of the indictment stemmed from an event that occurred on December 23, 2016, involving a high speed chase through residential areas of Chillicothe, Ohio, and which culminated in a vehicle crash and rollover. Appellant was determined to be the driver of the vehicle, which also contained two passengers. Officer Matthew Shipley of the Chillicothe Police Department was the pursuing and arresting officer involved. Several other officers responded to the scene of the crash as well.

**{¶3}** Upon arraignment, Appellant denied the charge and the matter proceeded to a jury trial on May 15, 2017. The State presented Officer Shipley as its sole witness at trial, and also introduced the video of Officer Shipley's in-car camera as its only exhibit at trial. The details of Officer Shipley's trial testimony will be fully discussed below. The defense rested without putting on any evidence. The jury ultimately found Appellant guilty of failure to comply, with an additional finding that Appellant operated "a motor vehicle which caused a substantial risk of serious physical harm to persons or property." The trial court sentenced Appellant to a stated term of thirty months in prison and ordered him to pay costs of the proceedings by entry dated May 19, 2017. It is from this judgment entry that Appellant now brings his appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.   LEE E. SEYMOUR'S CONVICTION FOR FAILURE TO COMPLY
     WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
     IN VIOLATION OF MR. SEYMOUR'S RIGHT TO DUE PROCESS
     OF LAW UNDER THE FIFTH AND FOURTEENTH
     AMENDMENTS TO THE UNITED STATES CONSTITUTION,
     AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

II.  THE TRIAL COURT ASSESSED, AND THE CLERK OF COURTS
     COLLECTED, UNAUTHORIZED COURT COSTS."

ASSIGNMENT OF ERROR I

{¶4} In his first assignment of error, Appellant contends that his conviction for failure to comply with an order or signal of a police officer was against the manifest weight of the evidence. Appellant essentially challenges the State's identification of him as the driver of the vehicle at issue, arguing a lack of direct evidence to convict him and lack of a full and complete investigation by law enforcement. He also argues that he was targeted by the arresting officer and, as a result, the officer's testimony should be called into question. The State responds by arguing that it met its burden and convinced the jury Appellant committed each of the essential elements of the offense beyond any doubt.

{¶5} In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119.

{¶6} "Although a court of appeals may determine that a judgment is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387. But the weight and credibility of evidence are to be determined by the trier of fact. *Kirkland* at ¶ 132. The trier of fact is free to believe all, part, or none of the testimony of any witness, and we defer to the trier of fact on evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility. *Dillard* at ¶ 28; citing *State v. West*, 4th Dist. Scioto No. 12CA3507, 2014-Ohio-1941, ¶ 23.

{¶7} As indicated above, Appellant was convicted of one count of failure to comply with an order or signal of a police officer. R.C. 2921.331 defines failure to comply with an order or signal of a police officer and provides, in pertinent part, as follows:

> "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
> * * *
> (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
> * * *
> (5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
> * * *

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶8} Appellant essentially contends that the State did not prove his identity as the perpetrator of the crime at issue. He does not argue the State failed to prove any of the specific elements of these offenses, but instead argues the State failed to prove he was the person who was driving the vehicle during the high speed chase. He argues that law enforcement did not thoroughly investigate the scene of the accident when the chase ended, by virtue of its failure to measure or photograph the position of the driver's seat. He also argues that law enforcement should have verified that the other occupants of the vehicle had bruising or some indicia of the fact they were actually wearing seatbelts while suspended upside down in the vehicle after it came to rest after the crash.

{¶9} Here, Appellant contends on appeal that one of the other occupants of the vehicle was driving the vehicle, but switched seats after the crash and before the investigating officer approached the vehicle. Appellant offers as support for his theory the fact that one of the other occupants was actually the registered owner of the vehicle and had a valid drivers' license, unlike himself, who had no operator's license. Appellant also argues that

more than one officer should have testified at trial considering eight to ten officers responded to the scene.

{¶10} A review of the record indicates the jury was presented with testimony from Officer Shipley stating that he observed Appellant driving a small blue SUV on East Second Street in Chillicothe at approximately 2:00 p.m. on December 23, 2016.  He testified he was able to clearly see Appellant, that he was familiar with Appellant and that he "was fairly confident he did not have a license."  As a result, Officer Shipley made a U-turn and began following the vehicle westbound on East Second Street. Officer Shipley testified that he followed Appellant from East Second Street to Rose Street, down an alley and then across Bromwell, at which point he activated his lights and siren when Appellant failed to stop as required before crossing Bromwell.

{¶11} Officer Shipley testified that a chase ensued along several additional residential streets, with Appellant failing to stop at intersections and stop signs, and driving at speeds between forty and sixty miles per hour, despite posted speed limits of twenty-five miles per hour.  He testified that two collisions nearly occurred as a result.  He further testified that the chase ended when the vehicle being driven by Appellant was traveling at a speed too great to maintain traction and slid, hitting a telephone pole guide wire,

and flipped over. Officer Shipley testified that when he approached the vehicle he found Appellant laying on the ceiling almost in a fetal position, with his feet closest to the door on the driver's side. He further testified there were two other occupants in the vehicle, including the registered owner who was in the passenger seat, and another female in the rear seat. He testified both of the passengers were upside down and were strapped into their seats. A video of the chase as recorded through Officer Shipley's in-car camera was played for the jury in conjunction with his testimony.

{¶12} Based upon the foregoing, we find that the jury could have reasonably concluded that the State proved each and every element of the offense at issue, and proved Appellant was the individual who committed the offense. Despite Appellant's argument that the State should have put on additional evidence demonstrating his guilt, such as photos of the placement of the driver's seat or proof of bruising indicating the other occupants were actually wearing seatbelts during the crash, we conclude the evidence introduced at trial by the State was more than sufficient to sustain a conviction. Further, it is clear the jury weighed the evidence and testimony and resolved it in favor of the State, which was within its province to do as the trier of fact.

{¶13} In light of the foregoing, we find that Appellant's conviction was not against the manifest weight of the evidence, that the jury didn't lose its way, or that Appellant's convictions were such a manifest miscarriage of justice that they must be reversed.  Thus, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶14} In his second assignment of error, Appellant contends the trial court assessed, and the Clerk of Courts collected, unauthorized court costs. More specifically, Appellant contends that he was improperly charged court costs for mileage fees associated with the Sheriff's service of subpoenas on three officers at the Chillicothe Police Department, which is located in the same building as the Ross County Sheriff's Office.  It appears he argues that $3.00 of the total $13.00 charged for service of each subpoena was mileage fees that should not have been charged.  In its brief, the State observed that the appellate court file, at that time, did not contain copies of the mileage charges.[1]  Nevertheless, the State concedes on appeal that Appellant should not have been charged mileage for sheriff service of subpoenas to officers who are located in the same building as the Sheriff's department.  As a

---

[1] Thereafter Appellant caused the appellate record to be supplemented to include a current cost bill from the underlying case.

result, the State declines to make an argument regarding this assignment of error.

{¶15} Initially, however, before reaching the merits of Appellant's assignment of error, we must note that although the record has now been supplemented to include a copy of Appellant's current cost bill from the underlying case, that bill contains no breakdown of charges for the service of subpoenas. Nor is there anything in the record which affirmatively demonstrates that the Ross County Sheriff's Department and the Chillicothe Police Department are housed in the same building. Further, although charges in the amount of $13.00 appear on the bill for service of subpoenas on Officer Shipley on April 14, 2017, and Officers McGowan and Howell on April 20, 2017, there is no indication that a portion of the fee constitutes a mileage charge. Instead, the $13.00 charge simply appears under a column entitled "Amount Owed."

{¶16} Additionally, although the record before us contains a Praecipe for service of subpoenas on Officers Shipley, McGowan and Howell dated April 12, 2017, there is no return of service stapled thereto, as is customarily found in the record. Having reviewed the entire file before us, and despite Appellant's reference to a document that indicates mileage in the amount of $3.00 was charged for service of each subpoena, we have been unable to

locate any document in the record which breaks down the costs for the service of subpoenas, or which indicates that a portion of the fees charged was for mileage. If this document exists, it is unfortunately not part of the appellate record presently before us.

{¶17} " '[I]t is the appellant's duty to transmit the [record] to the court of appeals. * * * This duty falls to the appellant because the appellant has the burden of establishing error in the trial court.' " *State v. Bailey*, 4th Dist. Scioto No. 09CA3287, 2010-Ohio-2239, ¶ 57; quoting *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 25; citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (internal citations omitted). Further, without such a document we are unable to address this assignment of error, nor are we permitted to speculate on what the $13.00 charges at issue are comprised of, or whether a portion of the charges include mileage. Instead we must presume the regularity of the record. *Bailey* at ¶ 60. Accordingly, Appellant's second assignment of error is overruled.

{¶18} Having found no merit in either of the assignments of error raised by Appellant, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Harsha, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**