[Cite as *State v. Montgomery*, 2019-Ohio-1057.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | Case No. 18CA10 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MELISSA A. MONTGOMERY, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 03/20/19** |

_____

APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Adam R. Salisbury, Gallipolis City Solicitor, Gallipolis, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Melissa Montgomery appeals her conviction for theft, which was entered by the Gallipolis Municipal Court after she was found guilty after a trial to the bench. On appeal, Appellant contends that 1) there was insufficient evidence to support the conviction for theft and 2) the conviction for theft was against the manifest weight of the evidence. After review of the record herein, we conclude Appellant's convictions are supported by sufficient evidence and were not against the manifest weight of the evidence. As such, we find no merit to her first or second assignment of error.

Accordingly, they are both overruled and the judgment of the trial court is affirmed.

FACTS

{¶2} Appellant was charged with one count of first-degree misdemeanor theft, in violation of R.C. 2913.02(A), on February 12, 2018. The charge stemmed from an investigation related to the theft of honey and cash from a self-service honey stand owned by Frederick Burdell, II, located in Bidwell, Ohio. The theft occurred on December 28, 2017, at approximately 8:16 a.m.

{¶3} Appellant pleaded not guilty to the charge and the case proceeded to a bench trial on August 30, 2018. The State produced only one witness at trial, Mr. Burdell. Mr. Burdell testified that he is a bee keeper and sells honey from his farm from a refrigerator box, based upon an honor system. He testified that honey is stocked on the shelves and there is a rack in the freezer compartment with bills in it for people to make their own change. He testified that he realized a theft had occurred when he went to service the "retail self-serve stand" and all of the money was gone. He testified that as a result he watched his surveillance videos. A video of the honey stand and surrounding area dated December 28, 2017, was introduced

and played during the trial. Mr. Burdell identified the video as the one obtained by him and provided to law enforcement.

{¶4} One part of the video shows a green Pontiac vehicle being driven down a gravel drive. The video demonstrates the vehicle coming to a stop and a passenger getting out. Another part of the video footage, which was taken from an overhead angle just above the refrigerator, shows an individual in a hooded sweatshirt, with the hood up, take two items out of the refrigerator and then remove all of the cash located in the freezer compartment. Yet another view of the video shows a frontal view of a woman as she is walking away from the refrigerator. Although her hood is up and partially obstructs her face in each video, part of her face is visible in the video. Her height, build, nose, hairline and hair color are discernable from the video.

{¶5} Appellant did not present any witnesses or evidence in her defense. The trial court recessed to watch the video a second time before finally rendering a guilty verdict. Appellant was then convicted of theft, as charged, and sentenced to 180 days in jail with thirty-eight days credit for time served. Appellant filed her timely appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.     THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE
        CONVICTION FOR THEFT.

II.     THE CONVICTION FOR THEFT WAS AGAINST THE
        MANIFEST WEIGHT OF THE EVIDENCE."

ASSIGNMENTS OF ERROR I and II

{¶6} For ease of analysis, we address Appellant's assignments of error in conjunction with one another.  In her first assignment of error, Appellant contends that there was insufficient evidence to support her conviction for theft.  In her second assignment of error, Appellant contends her conviction for theft was against the manifest weight of the evidence.  Appellant's sole argument on appeal is that the State failed to prove, beyond a reasonable doubt, her identity as the perpetrator of the crime.

{¶7} "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146; quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). "The court must defer to the trier of fact on questions of credibility and the

weight assigned to the evidence." *State v. Dillard*, 4th Dist. Meigs No. 13CA9, 2014-Ohio-4974, ¶ 27; citing *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 132.

**{¶8}** In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119.

**{¶9}** "Although a court of appeals may determine that a judgment is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387.  But the weight and credibility of evidence are to be determined by the trier of fact. *Kirkland* at ¶ 132.  The trier of fact is free to believe all, part, or none of the testimony of any witness, and we defer to the trier of fact on evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these

observations to weigh their credibility. *Dillard* at ¶ 28; citing *State v. West*,

4th Dist. Scioto No. 12CA3507, 2014-Ohio-1941, ¶ 23.

{¶10} As set forth above, Appellant was charged with and convicted

of one count of theft, a first-degree misdemeanor in violation of R.C.

2913.02, which provides, in pertinent part, as follows:

> "(A) No person, with purpose to deprive the owner of property
>
> or services, shall knowingly obtain or exert control over either
>
> the property or services in any of the following ways:
>
> (1) Without the consent of the owner or person authorized to
>
> give consent;
>
> (2) Beyond the scope of the express or implied consent of the
>
> owner or person authorized to give consent;
>
> (3) By deception;
>
> (4) By threat;
>
> (5) By intimidation.
>
> (B)(1) Whoever violates this section is guilty of theft."

Appellant argues that the video surveillance footage admitted into evidence

by the State did "not provide enough of a basis to convict a person of a

criminal offense." Thus, Appellant essentially contends the State did not

prove her identity as the perpetrator of the crimes at issue.

{¶11} During its opening statement, the State indicated the evidence it intended to introduce would provide proof beyond a reasonable doubt that Appellant, on the date in question, deprived Mr. Burdell of $30 in U.S. currency and $20.00 worth of honey. The State represented to the trial court it would have the victim, Mr. Burdell, testify and would play a video depicting Appellant getting out of a green Pontiac vehicle on the date and time in question. And, it would further show Appellant walking to the refrigerator where the honey was kept, removing honey from the refrigerator, and then taking change Mr. Burdell leaves there for people to make change for themselves. The State also indicated that evidence would be introduced showing an individual named Forest Russell, II, was the driver of the green Pontiac vehicle appearing in the video. Mr. Russell would also indicate that Appellant was the passenger and the person in the video that went up to the honey farm on the morning in question.

{¶12} However, the only evidence introduced by the State at trial was the testimony of Mr. Burdell, and a copy of the video footage from Mr. Burdell's surveillance cameras. The initial complaint filed in this matter included a "Factual Statement" stating as follows:

"Forrest Russell II stated that he drove Melissa Montgomery to

the Honey farm on Bandy Rd. to purchase Honey and she got

out of the car and went to purchase honey and then returned to the car with Honey. Forrest stated that he did not know anything about the theft he believed she had paid for the Honey. Forrest stated that Melissa gave him some of the Honey which he provided as evidence."

This factual statement was part of the complaint, which was signed by a deputy and sworn by a Gallipolis Municipal Court clerk. However, Mr. Russell did not testify at trial, nor did the deputy to which Mr. Russell allegedly made the statement.

{¶13} Nonetheless, the video that was played at trial included additional views from closer vantage points to the honey refrigerator. One view provides an overhead view in which the perpetrator's face can be partially seen as she approaches the refrigerator, opens it, removes two containers of honey, and then completely empties the cash compartment located in the freezer. The other view provides footage of the perpetrator as she turns around and leaves the refrigerator, honey and cash in hand. That view provides a fairly close-up angle of the entire front of the perpetrator's body, head to toe. Although a portion of her face is blocked by the hood on her sweatshirt, part of her face is visible.

{¶14} The trial transcript indicates the video was played for the trial court during the trial. The transcript also indicates the trial court recessed to view the video a second time before issuing its decision. Although the video does not provide full facial views of the perpetrator, we believe the trial court was in the best position to weigh the evidence before it, and to compare the resemblance between the images in the video with Appellant, as she sat in the courtroom. The trial court obviously concluded Appellant was the person shown on the video and thus, the perpetrator of the crime. We cannot conclude, based upon the record before us, that the trial court, as finder of fact, clearly lost its way or created a manifest miscarriage of justice requiring reversal.

{¶15} Further, as to the value of the stolen honey and cash, Mr. Burdell testified at trial that the total value of the two honey items taken out of the refrigerator was $20.00. He also testified that money was missing, which he estimated to be as much as $50.00, but he could not state the amount with certainty. The trial court ultimately ordered $20.00 in restitution, apparently awarding the value of the honey, but not awarding restitution for the estimated cash that was taken. Further, there is no argument on appeal regarding the restitution that was ordered.

{¶16} In light of the foregoing, we cannot conclude that Appellant's conviction for theft was against the manifest weight of the evidence. Moreover, "[w]hen an appellate court concludes that the weight of the evidence supports a defendant's conviction, this conclusion necessarily also includes a finding that sufficient evidence supports the conviction." *State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014-Ohio-3389, ¶ 27. Having already determined that Appellant's conviction was not against the manifest weight of the evidence, we necessarily reject Appellant's additional claim that her conviction was not supported by sufficient evidence. Thus, we reject both the manifest weight and sufficiency portions of Appellant's argument and overrule Appellant's first and second assignments of error.

{¶17} Having found no merit to the assignments of error raised by Appellant, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hess, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Matthew W. McFarland

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**